UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANA HOFMANN and KIRK HOFMANN, M.D., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 1:10-cv-00015-TWP-TAB ) ) |
| SOUTH MADISON COMMUNITY SCHOOL CORPORATION, et al., | ) ) ) |
| Defendants. | ) |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendants' Motion to Dismiss [Dkt. 9]. The Defendants in this matter are South Madison Community School Corporation ("School Corporation"), Board of School Trustees of the South Madison School Corporation, Maple Ridge Elementary School ("Maple Ridge"), and the following individuals: Thomas Warmke ("Warmke"), John Lord ("Lord"), Heather Lucas ("Lucas"), Amy Sigler ("Sigler"), Debbie Zimmerman ("Zimmerman"), Kim Taylor ("Taylor"), and Heidi Moore, who have been sued in their individual capacities as administrators and/or employees of the School Corporation. Defendants terminated Jana Hofmann's ("Plaintiff" or "Hofmann") employment as a school nurse in April 2009. Hofmann and her husband, Kirk ("Dr. Hofmann"), sued Defendants for allegedly violating Title VII of the Civil Rights Act of 1964 ("Title VII") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). Hofmann also raises several state law claims.[1] Defendants urge dismissal, arguing that: 1) Hofmann failed to establish that she filed a

---

[1] Although the Complaint did not specifically assert state law causes of action, the Court recognizes claims in the general nature of promissory estoppel, constructive discharge, negligent

charge of discrimination with the EEOC and received a right-to-sue notice, as required for her Title VII claim; 2) Hofmann failed to demand equitable relief to remedy her COBRA claim; and 3) based on Hofmann's allegations, the individually named Defendants are either not subject to or are immune from liability for all of Hofmann's claims, state and federal. For the reasons set forth below, Defendants' Motion is GRANTED with respect to Hofmann's Title VII claim, DENIED with respect to Hofmann's COBRA claim, and GRANTED with respect to Hofmann's claims against the individually named Defendants.

## I. BACKGROUND

Hofmann was a school nurse at Maple Ridge for 2 years and 11 months. Compl. ¶¶ 13-14. On February 17, 2009, after the end of the school day, Hofmann received some personal news that emotionally upset her. *Id.* ¶ 16. As a result, she began to cry, and Sigler and Zimmerman, Maple Ridge's secretaries, escorted Hofmann to the school counselor, Taylor. *Id.* Taylor, in turn, contacted Dr. Hofmann and told him that Hofmann was "bipolar" and "suicidal." *Id.* ¶ 17. Later that day, Maple Ridge's principal, Lord, contacted Dr. Hofmann and advised him that Hofmann was not to return to Maple Ridge until she had been "cleared by a psychiatrist." *Id.* ¶ 19.

On March 1, 2009, Lord sent a school wide e-mail, which linked Hofmann to "tough news" and indicated that she would be "out for a while" without further explanation. *Id.* ¶ 20. Lord further embarrassed Hofmann by advising the School Corporation that Hofmann needed to undergo a fitness evaluation. *Id.* ¶ 21. On March 9, 2009, the School Corporation's

---

and intentional infliction of emotional distress, defamation, and invasion of privacy. *See generally* Compl. ¶¶ 27, 28, 31-37. Hofmann also claims that Defendants violated Indiana's blacklisting statute, Indiana Code § 22-5-3-1. *Id.* at ¶¶ 26, 38.

2

Superintendent, Warmke, sent a letter to Hofmann, which indicated both that she was disabled and that she had a medical condition that required special accommodations. *Id.* ¶ 22.

On March 18, 2009, Hofmann tendered her forced resignation to Warmke. *Id.* ¶ 23. On March 30, 2009, the School Corporation provided Hofmann's attorney with an information packet of Hofmann's employment records. *Id.* ¶ 24. The information packet contained Hofmann's, Dr. Hofmann's, and Hofmann's mother's social security numbers and Hofmann's date of birth. *Id.* Hofmann did not authorize the release of this information. *Id.*

On April 9, 2009, the School Corporation and Trustees published a board meeting agenda calling for Hofmann's immediate termination to the Maple Ridge faculty and staff and the general public. *Id.* ¶ 25. On April 15, 2009, a prospective employer contacted Maple Ridge to obtain information on Hoffman. *Id.* ¶ 26. Maple Ridge and the School Corporation refused to provide this information. *Id.*

## II. DISCUSSION

**1.** *Legal Standard*

When reviewing a 12(b)(6) Motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'"

3

*Killingsworth v. HSBC Bank Nev., N.A.*, (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)).

**2.** *Hofmann's Title VII claim*

Defendants argue that Hofmann's Title VII claim should be dismissed because she has not alleged that she filed a charge of discrimination with the EEOC and received a right-to-sue notice. Hofmann did not respond to this argument in any fashion, and it is well established that "[a] plaintiff can sue under Title VII only if she first has filed a charge of discrimination with the EEOC." *Tyson v. Gannett Co., Inc.*, 538 F.3d 781, 783 (7th Cir. 2008). Accordingly, the Court grants Defendants' Motion to Dismiss with regard to Hofmann's Title VII claim.

Further discussion of Hofmann's Title VII claim is unnecessary, but the Court also notes that Hofmann's retaliation claim is also subject to dismissal because she has not alleged that Defendants retaliated against her for opposing discrimination related to a protected class. 42 U.S.C. § 2000e-3(a). To state a retaliation claim, a plaintiff must allege that she suffered an adverse employment action because she opposed discrimination based on sex, race, national origin, or some other protected class. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) ("Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient."). Hofmann has failed to plead any such allegations.

**3.** *Hofmann's COBRA claim*

Defendants argue that the Court should dismiss Hofmann's COBRA claim because her requested relief, namely compensatory and punitive damages, is not available to remedy any alleged COBRA violation. Employees who are not provided with a notice of eligibility for

4

continued healthcare coverage within 30 days after termination of employment, in violation of COBRA, may maintain a cause of action for "appropriate equitable relief." 42 U.S.C. § 300bb-7. Although Hofmann failed to specifically demand equitable relief in her Complaint, her asserted entitlement to compensation is not outside the realm of available damages. *See Mansfield v. Chicago Park Dist. Grp. Plan*, 946 F. Supp. 586, 592 (N.D. Ill. 1996) ("[E]quitable relief may include an award of money as restitution for pecuniary losses caused by a defendant, where such relief is necessary to make a plaintiff whole."). In addition, the Court notes that Defendants have not cited any authority in support of their assertion that Hofmann was required to plead facts establishing that she suffered a monetary loss due to Defendants' alleged failure to provide a COBRA notification. *See Bloom v. N.Y.C. Bd. of Educ. Teachers' Ret. Sys. of Cnty. of N.Y.*, No. 00 Civ. 2728, 2003 WL 1740528, at *17 (S.D.N.Y. April 2, 2003) (rejecting defendant's argument that a plaintiff seeking relief for a COBRA violation must allege that she would have either continued her health coverage or enrolled in a conversion plan had she been properly notified because defendants failed to cite legal authority in support of their argument). Lastly, the Court notes that, in her Complaint, Hofmann demands "all other relief just and proper in the premises." *See D.C. v. Jeppsen ex rel. M.J.*, 468 F. Supp. 2d 107, 112 n.4 (D.D.C. 2006) (denying defendant's motion to dismiss under Rule 8(a)(3) of the Federal Rules of Civil Procedure, in part, because plaintiff's request for all "other relief that this Court deems just" cured any technical deficiency in the Complaint). Therefore, the Court denies Defendants' Motion to Dismiss with respect to Hofmann's COBRA claim.

**4.** *Hofmann's claims against the individually named Defendants*

Given the survival (at this stage) of Hofmann's COBRA claim, it is premature to address Defendants' request to remand this case to state court, and the Court proceeds to consider Defendants' final argument. Defendants assert that the individually named Defendants are not subject to liability for any of the claims alleged in the Complaint. Hofmann does not dispute that the individually named Defendants were not her "employers" under Title VII. 42 U.S.C. § 2000e(b). Neither does she dispute that the individually named Defendants are not subject to liability for violating COBRA because they are not a state or political subdivision or an agency or instrumentality thereof. 42 U.S.C. § 300bb-7. Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Hofmann's Title VII and COBRA claims against the individually named Defendants.

Defendants also assert that the individually named Defendants, who are all government employees, have statutory immunity from Hofmann's state law claims for acts committed within the scope of their employment. *See Miner v. Sw. Sch. Corp.*, 755 N.E.2d 1110, 1114-15 (Ind. Ct. App. 2001) ("In general, a plaintiff may not maintain an action against a governmental employee personally if that employee was acting within the scope of his employment.") (citing Ind. Code § 34-13-3-5(a)). Thus, Defendants argue, because all of the factual allegations in support of Hofmann's state law claims concern activities that were committed within the scope of the individual defendant's employment, Hofmann's state claims against them should be dismissed. Under Indiana Code § 34-13-3-5(c), a lawsuit against a government employee personally must allege that the employee's act or omission causing the loss was 1) criminal; 2) clearly outside the scope of the employee's employment; 3) malicious; 4) willful and wanton; or 5) calculated to

benefit the employee personally. The complaint must also contain a reasonable factual basis in support of the allegations. *Smith v. Ind. Dept. of Corr.*, 888 N.E.2d 804, 809 (Ind. Ct. App. 2008). Upon review, Hofmann's Complaint did not allege any of the bases for properly stating a claim against a government employee. *See generally* Compl. In her response brief, Hofmann attempts to put some meat on the bones of her claims against the individually named Defendants, but a plaintiff cannot amend her complaint through arguments in a brief. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Accordingly, the Court grants Defendants' Motion to Dismiss with respect to Hofmann's state law claims against the individually named Defendants.

### 5. *Hofmann's request for leave to amend her Complaint*

The Court also notes Hofmann's request (in her brief) for leave to amend her Complaint. Plaintiff's request for leave to amend her Complaint should be a separate pleading and not a paragraph in a Response brief. Because Defendants have yet to answer Hofmann's Complaint, Hofmann could have amended her Complaint as a matter of course within 21 days after Defendants served their Motion to Dismiss. Fed. R. Civ. P. 15(a)(B). However, Hofmann chose to contest Defendant's Motion and, in so doing, ran afoul of the 21 day deadline. Accordingly, if Hofmann now wishes to amend her Complaint, she must do so either with the Defendants' consent or by filing a separate and proper motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the reasons noted herein, the Court GRANTS Defendants' Motion to Dismiss [Dkt. 9] with respect to Hofmann's Title VII claim, DENIES Defendants' Motion with respect to

Hofmann's COBRA claim, and GRANTS Defendants' Motion with respect to Hofmann's claims against the individually named Defendants**.**

SO ORDERED:  11/10/2010

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Rosemary L. Borek**
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com,tralstin@stephlaw.com

**Davina Louise Curry**
THE CURRY LAW FIRM, LLC
dlcurry@thecurrylawfirm.com,dlcurry@sbcglobal.net

**James S. Stephenson**
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com